IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES D. BABER, d/b/a C & J
DISTRIBUTING COMPANY,

        Plaintiff,

vs.                                                                   Civ. No. 97-904 MV/WWD

EARTHGRAINS BAKING COMPANIES,
INC., f/k/a CAMPBELL TAGGART
COMPANIES, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon Defendant's Motion for Extension of Time to Respond to Discovery served on opposing counsel on November 13, 1997 and filed with the Court on December 5, 1997.  Responses to the discovery in question were originally due on October 27, 1997; however, time was extended by an agreement of counsel until November 3, 1997.  The responses to Plaintiff's requests for production and interrogatories were served on Plaintiff by Defendant on November 6, 1997.  After listing all the accommodations defense counsel has made to Plaintiff's counsel, defense counsel seeks a retroactive extension of time from November 3, 1997, until November 6, 1997, in which to serve responses to the aforementioned requests for production and interrogatories.  Plaintiff has not sought to strike the responses made by Defendant to the request for production and to the interrogatories; nor has Plaintiff suggested the discovery obtained would not be utilized by the Plaintiff.  Plaintiff indicates that a motion to compel has or will be served on Defendant, and I think it is likely the motion to compel addresses the discovery responses which were served on

Plaintiff on November 6, 1997.

Because Plaintiff has not refuted any of the alleged accommodations made by Defendant to Plaintiff, I am accepting Defendant's statements regarding those accommodations as being the truth. Civility and accommodation are not one way streets. I will not encourage civility and accommodation on one hand and then allow counsel abruptly to change a course of dealing in such a way as to put her opponent at a disadvantage. Plaintiff's contentions that "[t]he motion is not timely", and that "[t]he motion is not supported by cites to authority permitting retroactive extensions to deadlines" are <u>correct</u>, but they tell only part of the story. Defense counsel's reliance on Plaintiff's counsel's allowing yet another extension for service of discovery responses was presumptuous. Since I have not seen the Plaintiff's motion to compel, and since I have not seen the discovery sought or the responses thereto, I am unable to comment further on this matter. Counsel for both parties have acted in such a way as to impose unnecessarily on the time of the Court in circumstances where I would expect two adult professionals to take care of the matter between themselves.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Extension of Time to Respond to Discovery is GRANTED and Defendant's responses to Plaintiff's requests for production and interrogatories which were served on Plaintiff on November 6, 1997, shall be regarded as being timely served.

_____
UNITED STATES MAGISTRATE JUDGE