IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES D. BABER, d/b/a C & J
DISTRIBUTING COMPANY,

       Plaintiff,

vs.                                                    Civ. No. 97-904 MV/WWD

EARTHGRAINS BAKING COMPANIES,
INC., f/k/a CAMPBELL TAGGART
COMPANIES, INC.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon defendant's Motion to Compel Discovery, filed January 12, 1998 [43-1]. Defendant claims that plaintiff's responses to the First Interrogatories and the First Request for Production are incomplete, evasive and insufficient, and that plaintiff raises objections which are improper and frivolous. In this action, plaintiff alleges that defendant wrongfully terminated his distributorship on the basis of monies owed and unsatisfactory performance, and is suing for breach of contract and unjust enrichment.

**Requests for Production No. 1, 2, 3, 4, 5, 8, 9, 13, 14 & 15, 17**

*Request No. 1* appears to be moot, as plaintiff states that photos of the warehouse and bread racks have already been submitted.

*Request No. 2* which seeks copies of contracts with Earthgrains need not be further answered. By referring to affidavits wherein it was stated that the contracts in question were oral contracts, plaintiff's response was sufficiently explicit, particularly in light of the fact that this was confirmed both in its response to the instant motion and in its Amended Complaint, filed

September 4, 1997.  Am. Compl., ¶ 3.

Plaintiff states he is in the process of complying with *Request No. 3*, which asks for phone bills for the number used in the plaintiff's distribution business.  If plaintiff still has not obtained the requested information from GTE by the date he is ordered to produce this information as set forth in this Order, he shall produce to defendant all correspondence and documents supportive of his efforts up to that time.

Although plaintiff's tax returns are discoverable and relevant, see Biliske et al v. Amer. Live Stock Ins. Co., 73 F.R.D. 124, 126 n.1 (W.D.Okla. 1977), I agree with plaintiff that *Request No. 4* for returns since 1964 is overly broad.  Plaintiff's claim for a million dollars is based on the alleged income he would have received from a sale of the distributorship.  Am. Compl., ¶ 18.  According to defendant, plaintiff's initial disclosures explained that the figure is arrived at from wholesale figures in excess of one million dollars per year, resulting in over $250,000 per year gross and approximately $119,000 net, multiplied by three years.  Thus far, plaintiff has produced only partial tax returns (Schedule C) for two years -- 1996 and 1997.[1]

Plaintiff claims damages related to a business he owned.  Profit and loss, costs and expenses, and assets and liabilities, are all integral parts of a business.  Where such information is not available from other documents, defendant is entitled to obtain it from plaintiff's tax returns.  See Biliske, 73 F.R.D. at 126 n.1.  Therefore, plaintiff shall produce copies of *entire* tax returns for the past seven years, from and including 1989 to 1996.  The task is not burdensome to plaintiff while at the same time the documents should provide defendant with a sufficient overview of

---

[1] Plaintiff states that an expert is currently reviewing his returns for 1994 and 1995, which he has not filed, and that he will provide these to defendant within 30 days.  Resp. at 3.

information from which to defend its case.

For similar reasons, plaintiff shall produce financial information such as assets, liabilities, income and expenses responsive to *Request No. 5*, but again, only for the years 1989 through 1996. Plaintiff's assertion that he does not keep business records for 35 years is not unreasonable, nor is there a need or a relevance for such a broad span of information which outweighs the burden on plaintiff to produce the records.[2]

Plaintiff need not respond further to *Request No. 8*, which essentially restates Request No. 2.

For *Requests Nos. 9, 13 and 17*, plaintiff states that the responsive documents have since been produced, rendering my intervention unnecessary.

Although plaintiff is correct that information about prior litigation involving the plaintiff as a party is public knowledge (*Requests 14 and 15*), plaintiff nevertheless is in possession of information which would allow defendant to locate the requested documents. Plaintiff is directed to provide information responsive to both requests including, but not limited to jurisdiction and case caption. See, e.g., Snowden v. Connaught Lab. Inc., 137 F.R.D. 325 (D.Kan. 1991).

**Interrogatories No. 2, 4, 7, 9, 10, 15, 16, 18, 20, 24**

*Interrogatories Nos. 2 and 4* have been adequately covered with regard to Requests Nos. 4 and 5 (For Interrogatory No. 2) and Nos. 4, 5, 8 and 13 (for Interrogatory No. 4). Defendant need not answer further.

---

[2] Plaintiff states that since he was served with the motion to compel, he has supplied defendant with a duplicate copy of the bank note from Los Alamos National Bank. However, plaintiff shall produce other documents which are within his control and which are responsive to the request within the time frame I have circumscribed.

*Interrogatory No. 7* requests financial information spanning the past 33 years.[3] The subject matter for this request has also been covered in Requests Nos. 4 and 5, <u>above</u>.

I need not address *Interrogatory No. 9,* as plaintiff provides the requested names in the response to the motion. As for *Interrogatory No. 10*, plaintiff shall either provide additional names of persons assisting with the filing of the TRO or else state that none others exist or that if they do, their identities cannot be determined despite plaintiff's best efforts to do so. Similarly, plaintiff shall provide additional names and requested facts for *Interogatories 9, 15, and 18*, or otherwise state that no other responsive information is ascertainable.

*Interrogatory No. 16* seeks to reduce to a writing that which already has been established not to be a written contract. Plaintiff has produced affidavits of Mr. Baber and Mr. Worley, who have also been deposed and from whom defendant has presumably had the opportunity to obtain the necessary information. This need not be answered further.

*Interrogatory No. 20* concerns accounts receivable which were allegedly credited to plaintiff's account. Plaintiff states that he has "previously" submitted daily settlement sheets, but it is not clear whether this information was produced subsequent to defendant's motion to compel and is thus sufficiently responsive to the request. At any rate, defendant's request is reasonable in that plaintiff is required to substantiate the basis for these alleged credits if he intends to proceed with his claim that he is not liable on the accounts.

Information responsive to *Interrogatory No. 24* is related to the tax returns which is the subject of Request No. 4, and defendant shall produce them as directed above.

---

[3] This is actually Interrogatory No. <u>5</u>, not 7, according to the copy of Plaintiff's Answers to Interrogatories, attached to defendant's memorandum brief.

I note that many of the above issues would have resolved themselves had counsel taken more of an effort to communicate instead of simply going through the superficial motions of a "good faith" conferral. Much of the requested information was produced on the heels of the motion to compel. Although defendant sent plaintiff's counsel a letter in an attempt to resolve the discovery dispute informally, the letter was dated just five days before the motion was served, and arrived at counsel's office just one day before. Instead of resorting to court resolution of the matter in knee-jerk fashion, counsel could have contacted each other by telephone, either just before filing the instant motion, or where the turnaround time for responding to the letter was running short.

This is not the first time that counsel's apparent unwillingness to communicate with each other has imposed unnecessarily on this Court's time and resources. See Mem. Op. & Order, filed Dec. 9, 1997 [35-1]. I strongly urge counsel on both sides to expend considerably more time and attention in the future to working out such differences informally before resorting to court intervention. Now, Therefore,

**IT IS ORDERED** that defendant's Motion to Compel Discovery [43-1] is hereby **granted in part**;

**IT IS FURTHER ORDERED** that on or before February 13, 1997, plaintiff shall produce the information in compliance with this Order as set forth above.

_____
UNITED STATES MAGISTRATE JUDGE